1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRYAN WILLIAMS, ) | CV 19-2689-RSWL-(Ex) |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER re: Plaintiff's** |
| v. ) | **Motion to Strike** [15] |
| ) | |
| EL CAMARON, LLC; ALYSSON'S ) | |
| FLOWERS AND GIFTS, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

Plaintiff Bryan Williams ("Plaintiff") brings this Action against Defendant El Camaron, LLC and Defendant Alysson's Flowers and Gifts (collectively "Defendants") for unlawful discrimination in places of public accommodation pursuant to the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). Before the Court is Plaintiff's Motion to Strike all of the affirmative

defenses that Defendants raised in their Answer ("Motion") [15].  Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS**: the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion.

## I. BACKGROUND

On April 9, 2019, Plaintiff initiated this Action against Defendants.  <u>See</u> <u>generally</u> Compl., ECF No. 1. Plaintiff, who is paraplegic and uses a wheelchair for mobility, alleges that he encountered several barriers to access at Defendants' property, including inaccessible parking spaces, inaccessible paths of entrance, and non-compliant service counters.  <u>Id.</u> ¶¶ 2, 13.  As a result of his alleged encounter with these barriers, Plaintiff asserts causes of action for discrimination based on disability in violation of the ADA and Unruh Act.

Defendants filed their Answer on May 13, 2019, asserting ten affirmative defenses.  <u>See</u> <u>generally</u> Defs.' Answer ("Answer"), ECF No. 12.  Plaintiff filed the instant Motion to Strike All of Defendants' Affirmative Defenses [15] on June 3, 2019.  Defendants filed their Opposition [17] on July 27, 2019,[1] and Plaintiff filed his Reply [19] on July 28, 2019.  On July 22, 2019, after the parties fully briefed the instant Motion, Defendants filed a First Amended Answer

---

[1] Defendants' Opposition was filed two days late.

[23].

## II. DISCUSSION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "In determining specifically whether a defense is 'sufficient,' the Ninth Circuit has explained that 'the key . . . is whether it gives plaintiff fair notice of the defense." Whiting v. City of Palm Desert, 2018 WL 6034968, at *2 (C.D. cal. May 17, 2018)(quoting Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979)).

The grounds for a motion to strike must appear on the face of the pleading under attack. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). In addition, the Court must view the pleading under attack in a light more favorable to the pleader when ruling on a motion to strike. In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (citing California v. United States, 512 F. Supp. 36, 39 (N.D. Cal. 1981)).

Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. Travelers Cas. and Sur. Co. of Am. v. Dunmore, No. CIV S-07-2493 LKK/DAD, 2010 WL 5200940, at

3

*3 (E.D. Cal. Dec. 15, 2010).  "Ultimately, the
decision whether to strike a matter lies within the
sound discretion of the district court." <u>Lexington</u>
<u>Ins. Co. v. Energetic Lath & Plaster, Inc.</u>, No. 15-cv-
00861-KJM-EFB, 2015 WL 5436784, at *11 (E.D. Cal. Sept.
15, 2015).

**B.**  **<u>Discussion</u>**

On July 22, 2019, after the parties submitted their
papers pertaining to the instant Motion, Defendants
filed a First Amended Answer.  <u>See</u> ECF No. 23.
However, the First Amended Answer was not filed in
response to an amended complaint, nor made within 21
days after Defendants filed their first Answer, and
thus Defendants were required to get Plaintiff's
written consent or the Court's approval—which they have
failed to do.  <u>See</u> Fed. R. Civ. Proc. 15(a).  Thus, the
Court **STRIKES** Defendants' First Amended Answer, and
proceeds to address the merits of Plaintiff's Motion
with respect to the affirmative defenses as stated in
Defendants' first Answer.

Defendants' First Affirmative Defense of failure to
state a claim is an assertion of a defect in
Plaintiff's prima facie case, and not an affirmative
defense.  <u>See</u> <u>Zivkovic v. S. Cal. Edison. Co.</u>, 302 F.3d
1080, 1088 (9th Cir. 2002)("A defense which
demonstrates that plaintiff has not met its burden of
proof is not an affirmative defense.").  Thus, it fails
as a matter of law, and the Court **GRANTS** Plaintiff's

Motion to Strike the First Affirmative Defense without leave to amend.

Defendants' Second Affirmative Defense is that Plaintiff has waived any right to recovery by falsifying a claim for having been to Defendants' property. "Waiver is the intentional relinquishment or abandonment of a known right." <u>United States v. Perez</u>, 116 F.3d 840, 845 (9th Cir. 1997)(internal quotations omitted). Even assuming the truth of Defendants' allegation that Plaintiff has not been to the property, it is unclear how this fact shows that Plaintiff has relinquished or abandoned his right to sue. Thus, the Court **GRANTS** Plaintiff's Motion to Strike Defendants' Second Affirmative Defense. Because Defendants may be able to allege facts which support a waiver defense, the Court **STRIKES** with 20 days leave to amend Defendants' Second Affirmative Defense.

Defendants' Third Affirmative Defense is for unclean hands. Plaintiff claims that Defendants fail to provide Plaintiff with fair notice of the conduct allegedly giving rise to this defense. However, in other portions of Defendants' Answer, Defendants clearly state that "Plaintiff's false claim of a visit to the premises which serves the wholesale trade only, demonstrates his unclean hands." Answer ¶ 10. The Court finds this allegation sufficient to provide Plaintiff with fair notice. Thus, the Court **DENIES** Plaintiff's Motion to Strike Defendants' Third

Affirmative Defense.

Defendants' Fourth Affirmative Defense is that Plaintiff is estopped by his conduct from recovering any relief. "In order to validly assert an affirmative defense of estoppel . . . [Defendants] must show that the traditional elements of estoppel are present, including that [Plaintiff] made a definite misrepresentation of fact to [Defendants] with reason to believe [Defendants] would rely upon it." Solis v. Couturier, No. 2:08-cv-02732-RRB-GGH, 2009 WL 2022343, at *2 (E.D. Cal. July 8, 2009)(internal quotations omitted). Defendants fail to set forth any facts establishing how Plaintiff made a misrepresentation to Defendants, which Defendants relied upon to their detriment. Thus, the Court **GRANTS** Plaintiff's Motion to Strike Defendants' Fourth Affirmative Defense. Because Defendants may be able to allege additional facts to support the defense, the Court **STRIKES** with 20 days leave to amend Defendants' Fourth Affirmative Defense.

Defendants' Fifth Affirmative Defense is that they have fully performed under the obligations sued upon. However, "[t]his defense is merely a denial of liability and not a proper affirmative defense." Whiting, 2018 WL 6034968, at *6. Thus, it fails as a matter of law and the Court **GRANTS** Plaintiff's Motion to Strike Defendants' Fifth Affirmative Defense without leave to amend.

Defendants' Sixth Affirmative Defense is laches, waiver, and unclean Hands. Defendants' already assert waiver and unclean hands as their Second and Third Affirmative Defenses, respectively. As such, they are stricken as redundant from the Sixth Affirmative Defense. <u>See</u> Fed. R. Civ. Proc. 12(f)(permitting the Court to strike any redundant matter from a pleading). Moreover, Defendants fail to include any facts establishing why a laches defense applies, and thus fail to provide fair notice to Plaintiff. Thus, the Court **GRANTS** Plaintiff's Motion to Strike the Sixth Affirmative Defense. Because Defendants may be able to eliminate the redundant pleading of waiver and unclean hands, and allege additional facts to support the laches defense, the Court **STRIKES** with 20 days leave to amend Defendants' Sixth Affirmative Defense.

Defendants' Seventh Affirmative Defense is that Plaintiff's Complaint is not brought in good faith and is frivolous in nature, thereby entitling Defendants to reasonable expenses incurred in the defense of this Action pursuant to California Code of Civil Procedure §§ 128.5 and 128.7. While California Code of Civil Procedure §§ 128.5 and 128.7 may eventually be relevant if the case terminates in Defendants' favor, "these statutes are not affirmative defenses because they do not attempt to excuse conduct alleged in the complaint." <u>Thornton v. Solutionone Cleaning Concepts, Inc.</u>, No. CIV F 06-1455 AWI SMS, 2007 WL 210586, at *4

(E.D. Cal. Jan. 26, 2007). Accordingly, the Court **GRANTS** Plaintiff's Motion to Strike Defendants' Seventh Affirmative Defense without leave to amend.

Defendants' Eighth Affirmative Defense is that Plaintiff failed to mitigate damages. Plaintiff argues that this defense fails to give Plaintiff fair notice, and is irrelevant since Plaintiff only seeks statutory damages under the Unruh Act, which cannot be mitigated. However, as stated in his Complaint, Plaintiff seeks "injunctive, declaratory and *all other appropriate relief* under the ADA and Unruh Act, including but not limited to reasonable attorney's fees, litigation expenses and costs of suit . . . ." See Compl. at 15. Given Plaintiff's vague language of "all other appropriate relief," the Court cannot conclude at this juncture that Plaintiff's claim for damages is limited to statutory damages. See e.g. Vogel v. Linden Optometry APC, 2013 WL 1831686, at *4 (denying plaintiff's motion to strike a failure to mitigate defense where "Plaintiff's Complaint can be read to seek damages in excess of the statutory minimum"). Thus, the Court **DENIES** Plaintiff's Motion to Strike Defendants' Eighth Affirmative Defense.

Defendants' Ninth Affirmative Defense states the following: "Defendants claim the protection of Civil Code § 55.56 in that the owners of the property are a small business, the tenant is [a] very small business with two employees, and the purported barriers to

access are not such barriers.  There is no intentional violation, and all purported violations are either corrected, or in the process of being remedied." Answer ¶ 13.  California Civil Code § 55.56 provides several exemptions from liability and limits on liability to Defendants in Construction-Related Accessibility Standards Claims.  In part, this Code limits the statutory damages available for defendants who are small businesses and who have corrected alleged violations within a certain time frame.  See generally Cal. Civ. Code § 55.56.  Thus, the fact that Defendants are small businesses and the alleged violations are either corrected or in the process of being remedied, is relevant to whether the statutory damages sought by Plaintiff should be reduced.  Moreover, despite Plaintiff's contrary assertion, Defendants' statement that they are small businesses and that the purported violations are being remedied is sufficient to provide Plaintiff with fair notice.  Thus, the Court **DENIES** Plaintiff's Motion to Strike Defendants' Ninth Affirmative Defense.

Defendants' Tenth Affirmative Defense reserves the right to assert additional affirmative defenses that may be ascertained through discovery.  However, "[t]he right to reserve additional defenses is not itself an affirmative defense. . . . [and] it appears to duplicate rights already preserved by the Federal Rules."  Whiting, 2018 WL 6034968, at *7(citing Federal

Rule of Civil Procedure 12(h), which directs parties to
add affirmative defenses through the Rule 15 amendment
procedure).  Thus, the Court **GRANTS** without leave to
amend Defendants' Tenth Affirmative Defense.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

# III. CONCLUSION

Based on the foregoing, the Court **STRIKES** Defendants' First Amended Answer. The Court **GRANTS** Plaintiff's Motion to Strike the following affirmative defenses **without leave to amend:** Defendants' First Affirmative Defense; Defendants' Fifth Affirmative Defense; Defendants' Seventh Affirmative Defense; and Defendants' Tenth Affirmative Defense. The Court **GRANTS** Plaintiff's Motion to Strike the following affirmative defenses **with 20 days leave to amend:** Defendants' Second Affirmative Defense; Defendants' Fourth Affirmative Defense; and Defendants' Sixth Affirmative Defense. The Court **DENIES** Plaintiff's Motion to Strike the following affirmative defenses: Defendants' Third Affirmative Defense; Defendants' Eighth Affirmative Defense; and Defendants' Ninth Affirmative Defense.

**IT IS SO ORDERED.**

/s/ RONALD S.W. LEW

DATED: August 29, 2019 _____

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge